UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

BRIAN LEE SLADE,

      Petitioner,

Case No. 1:03-cv-898

v.

Hon. Richard Alan Enslen

KENNETH McKEE,

**FINAL ORDER**

      Respondent.

_____/

      Petitioner Brian Lee Slade has objected to United State Magistrate Judge Ellen S. Carmody's Report and Recommendation of August 24, 2005. The Report recommended the Petition for Writ of Habeas Corpus be dismissed on its merits. This Court must reveiw the Objections, the Report and pertinent parts of the record *de novo*. 28 U.S.C. § 636.

      Upon such review, the Court finds that the Report should be adopted and the Objections denied. Petitioner has made five numbered Objections, which concern his two habeas claims. His first claim involves a volunteered statement by a detective (Detective Lamerson) during trial (that the victim suffered a horrible death), and the playing of a portion of an interrogation tape which referenced polygraph examination ("One option is a polygraph examination" quoting Lamerson). Petitioner contends that his Due Process rights were violated by the trial court's failure to declare a mistrial concerning the volunteered statement and polygraph mention. The trial judge did, however, instruct the jury to ignore the polygraph reference and did sustain an objection as to the volunteered statement. The second claim alleges a denial of Due Process by the failure of the trial court to instruct the jury on self-defense.

      Petitioner's first objection is that the trial judge's treatment of the polygraph matter may have wrongly implied that he was unwilling to take a polygraph examination. The Court finds no such

implication in the trial judge's statements.  Furthermore, any discussion of Petitioner's willingness to take a polygraph examination would have most likely only distracted the jury by giving attention to a subject not properly before the jury.  As determined by the Magistrate Judge, the state court's handling of this matter is a subject of state law which cannot serve as a basis for habeas relief.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  The state court proceedings were not "fundamentally unfair" (*see Payne v. Tennessee*, 501 U.S. 808, 825 (1991)), and habeas relief is unwarranted.

Petitioner's second objection concerns the failure to grant a mistrial concerning Lamerson's excluded statement.  This, again, is a state court matter not subject to federal habeas review.  *See Estelle*, 502 U.S. at 67-68.  The state court proceedings were not "fundamentally unfair" (*see Payne*, 501 U.S. at 825), and habeas relief is unwarranted.

Petitioner's third and fourth objection are that the trial record was sufficient to require a self-defense instruction.[1]  This objection is factually incorrect.  Petitioner did not testify at trial.  The trial record of what occurred near the time of the victim's death consisted of Petitioner's taped interrogation in which Petitioner said that on the night in question he had an argument, but not a physical confrontation, with the victim, that he then went to bed and that he awoke to find the victim not breathing.  Such a record hardly supports the giving of a self-defense instruction since a juror could not reasonably conclude from such information that Petitioner feared for his personal safety at the time.  Petitioner has not shown a fundamental defect of process warranting habeas relief.

---

[1] Petitioner's Objections attach photographs taken of him on June 3, 2000, following an assault upon him by the victim.  These photographs did not justify a self-defense instruction because they did not relate to the night of the victim's death, but instead related to events several months earlier.  (*See* Report, 7-8.)  Likewise, the history of violence by the victim against Petitioner did not justify a self-defense instruction because the record did not support the use of self-defense as to the night in question.

Petitioner's final objection is that the Magistrate Judge erred by relying on the testimony of the pathologist that the victim died from a blunt force trauma which fractured most of her ribs, both front and back, and which was caused by either stomping or kicking the victim. Petitioner's contention is mistaken in that the pathologist's testimony was part of the state trial court record. The testimony also does not appear to be fundamentally unreliable nor does its use violate Petitioner's rights of Due Process. As such, all the numbered objections are properly denied.

Pursuant to 28 U.S.C. § 2253, the Court must also assess whether to grant the issuance of a certificate of appealability to Petitioner. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (holding that § 2253 analysis may be done at the time the claim for relief is determined). Under the statute and the United States Supreme Court's determinations in *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000) and *Barefoot v. Estelle,* 463 U.S. 880, 893 & n. 4 (1983), a certificate is to be issued if the resolution of the petition is debatable among reasonable jurists or adequate to deserve encouragement for some other reason. Upon review of the issues raised, the Court determines that this standard is not met as to either of the two claims for relief asserted.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner Brian Lee Slade's Objections (Dkt. No. 32) are **DENIED**, the Report and Recommendation (Dkt. No 31) is **ADOPTED**, the Petition for Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE**, and a certificate of appealability is **DENIED** as to both issues asserted.

Dated in Kalamazoo, MI:  /s/Richard Alan Enslen
September 12, 2005  Richard Alan Enslen
  Senior United States District Judge